UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC D. SMITH, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-52-RLY-WTL |
| ) | |
| STAN KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Post-Judgment Motions**

This cause is before the court on petitioner Smith's post-judgment motion to reconsider and on his "verified motion for hearing and verified motion for preliminary injunction."

**I.**

This action for a writ of habeas corpus was dismissed because Smith, though placed in segregation at an Indiana prison, had not identified the loss of "custody" as that term is used in 28 U.S.C. § 2254(a). Without having suffered the loss of custody, a habeas corpus action could not provide Smith with relief. Judgment was entered on the clerk's docket on March 2, 2007.

The motion to reconsider was signed and filed with the clerk less than ten (10) working days from the entry of judgment on the clerk's docket, and thus is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure,* because a motion which substantively challenges a judgment filed within 10 business days of the entry of judgment will be treated as based on Rule 59, "no matter what nomenclature the movant employs." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiff's claims, nor did it misapply the law to those claims in light of the underlying record and the applicable law. As explained in the Entry of March 2, 2007:

> "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997). State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ [42 U.S.C.] § 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all, which under *Sandin v. Conner,* 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995), and *Meachum v. Fano,* 427 U.S. 215, 96 S. Ct. 2532, 49 L.Ed.2d 451 (1976), will be uncommon."

*Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (quoting *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000)). Smith's challenge to being placed in segregation is simply not within the scope of relief available under § 2254(a). *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). Accordingly, the post-judgment motion to alter or amend judgment is **denied.**

## II.

In light of the disposition of the habeas petition and the denial of the motion to reconsider, there are no issues remaining for resolution in this case. Smith's combined motion for hearing and motion for preliminary injunction is therefore **denied as moot.** The concerns presented in that motion are, in any event, outside the scope of what relief could have been litigated in this case.

**IT IS SO ORDERED.**

Date: 03/22/2007

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Stephanie Lynn Rothenberg, Stephanie.Rothenberg@atg.in.gov

Eric D. Smith , DOC #112675
Pendleton Correctional Facility
P.O. Box 30
Pendleton, IN 46064